2025 IL App (2d) 240790-U
No. 2-24-0790
Order filed March 4, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CF-444 |
| JAMES E. SCOTT, | ) ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

---

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in denying defendant pretrial release where the State proved by clear and convincing evidence that defendant posed a real and present threat to the safety of the community and that no conditions could mitigate the threat posed by defendant as defendant was known to the victim, police recovered surveillance footage of the shooting, and defendant's criminal history included attempted murder and weapons convictions. Affirmed

¶ 2    Defendant, James E. Scott, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). As defendant did not file a memorandum, his motion for relief from pretrial detention serves as his argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). For the following reasons we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was charged via indictment on August 24, 2022, with armed habitual criminal

(720 ILCS 5/24-1.7(a) (West 2022)), aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1)(3)(C)) arising out of an incident which occurred on March 13, 2022, in which defendant got in an argument with Jacob Galvin, defendant's girlfriend's ex-boyfriend, and fired a 9-millimeter firearm into Galvin's van while he was inside it. The incident was captured on a nearby security camera. A warrant was issued for defendant's arrest, and he was arrested on September 20, 2024.

¶ 5       On September 20, 2024, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1 of the Code. A hearing was held on the State's petition on September 26, 2024, which the trial court granted. On September 24, 2024, defendant filed a motion for relief, which was denied on October 17, 2024. Defendant timely appealed.

¶ 1                                    II. ANALYSIS

¶ 2       This appeal involves only the review of documentary evidence, and no live testimony was heard. We therefore review the denial of defendant's pretrial release *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 22.

¶ 3       On appeal, defendant argues that the State failed to show by clear and convincing evidence that he poses a real and present threat to the safety of the community because, "the State relied on speculation and fear arguing [defendant] obtained a gun and fired it in public." This argument is wholly without merit. The State relied on evidence, not speculation. The State presented surveillance footage of defendant firing a gun at Galvin's van, positive identification of defendant by Galvin who had been defendant's roommate, photographs of bullet holes in Galvin's van, and a 9-millimeter shell casing recovered by police. As such, there was clear and convincing evidence that defendant posed a real and present threat to the safety of the community in that he illegally

possessed a firearm and fired it at an occupied vehicle in a residential neighborhood.

¶ 4    Defendant also argues that the State failed to show by clear and convincing evidence that no conditions could mitigate his threat to the community because he had a local address, was gainfully employed, was financially responsible for his three stepchildren, his prior convictions were in the "distant past[,]" and he had a reliable means of getting to court. We disagree. Defendant's criminal history included a 1997 attempted murder conviction, 2004 convictions for possession of a weapon by a felon and aggravated unlawful use of a weapon, a 2012 felony domestic battery conviction, and "five or six" misdemeanor offenses involving trespass or domestic battery. Given that defendant's extensive criminal history includes attempted murder and weapons charges, and given the specific facts of this case, the State proved by clear and convincing evidence that there were no conditions that could mitigate the threat defendant posed to the safety of the community, *i.e.*, the risk that defendant might obtain and use a weapon in the commission of another violent offense.

¶ 5                                    III. CONCLUSION

¶ 6    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 7    Affirmed.